UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SUZANNE ABBOTT and THOMAS O'CONNER,**<br><br>Plaintiffs,<br><br>vs.<br><br>**MARY RECHLIN,** *et al.***,**<br><br>Defendants. | 2:23-CV-10962-TGB-DRG<br><br>ORDER DENYING<br><br>REQUEST FOR JUDICIAL GUIDANCE (ECF NO. 8) AND<br><br>REQUEST FOR SUMMONSES (ECF NO. 11) AND<br><br>DIRECTING FURTHER PROCEEDINGS |

The Plaintiffs in this matter, proceeding without the benefit of counsel, have filed a "Request for Judicial Guidance" and a "Request to Add Each Individual Summons." ECF Nos. 8, 11. For the reasons explained below, these requests will be **DENIED**.

## I.  BACKGROUND

On April 24, 2023, Suzanne Abbott and Thomas O'Connor filed a 91-page complaint against several individuals and private and municipal entities. The Complaint alleges a series of violations of constitutional, federal, and state law relating to an alleged taking of property and a related arrest. ECF No. 1. The pleading contains multiple "statements of facts," a list of thirty-three claims, arguments about qualified immunity, legal theories, lists of various state and federal statutes, and lists of citations to and summaries of legal

1

opinions from various jurisdictions. *See generally id.* It was accompanied by 61 pages of exhibits. ECF No. 1-1.

Abbott and O'Connor did not initially pay the filing fee or submit an application to proceed without pre-paying the fee (*i.e.*, to proceed in forma pauperis). Instead, they submitted a "Request for Judicial Guidance" through the Court's pro se portal, asking what to do next. ECF No. 4. In a "Notice of Deficiency" dated May 23, 2023, the Court instructed them that they needed either to pay the filing fee or submit the materials necessary to apply to proceed without pre-paying the filing fee. ECF No. 5. The Court also informed Abbott and O'Connor that it could not provide them with legal advice and encouraged them to seek the assistance of a lawyer or legal clinic.

On June 23, 2023, Abbott and O'Connor paid the filing fee in full. Accordingly, on June 27, 2023, the Clerk's Office issued summonses for the following entities and individuals it was able to identify as Defendants in the complaint: Mary Rechlin; William Rechlin; Township of Addison; Oakland County Road Commission; Water Resources Commission; Environment Great Lakes Energy (EGLE); Oakland County Sheriff; Anderson, Eckstein & Westrick; and Gordie Wilson PE. ECF No. 6. On July 12, 2023, the Clerk's Office issued an additional summons for Defendant Lawrence M. Surrat. ECF No. 9.

On July 11, 2023, the Court received a second "Request for Judicial Guidance" from Abbott and O'Connor. ECF No. 8. On July 12,

2

2023, the Court received an additional submission, titled "Request to Add Each Additional Summons." ECF No. 11.

## II. DISCUSSION

Abbott and O'Connor's first submission, which they call a "Request to Verify that Corrective Addition of Each Defendant Named in the Original Complaint," says it seeks information regarding "the Coordination of Parallel Criminal, Civil, Regulatory, and Administrative Proceeding[s]." ECF No. 8. This document informs the Court that they have attempted to institute proceedings with the Michigan Attorney General's Office, which they express some confusion about, and it also requests "guidance" on whether they "must pay the ~$400 filing fee, or … the court itself if warranted will take over the cost and protection of the Victim/Plaintiff." *Id.* at PageID.180. They also assert that Defendants are attempting to "usurp more properties" and continue to introduce pollutants into the property that is the subject of their initial complaint. *Id.*

At this point, the filing fee has been paid in full, so the "Request for Judicial Guidance" (ECF No. 8) is **DENIED as moot**.

As to any other requests by Abbott and O'Connor for legal assistance, while the Court appreciates their need for legal counsel and encourages them to retain an attorney, the Court is a neutral tribunal and cannot provide any party bringing a lawsuit with legal advice or guidance. Such requests for guidance are improper, so the Court will

caution Abbott and O'Connor not to file such requests for legal advice. The Court again strongly encourages them to consult with an attorney or a legal clinic for assistance on how to proceed with their case.

Abbott and O'Connor's second submission requests the issuance of additional summonses. ECF No. 11. It notes that Abbott and O'Connor have called the Clerk's Office and communicated with court staff concerning this request but that no "correction has … been made," nor have they been "instructed by the court on the federal criminal actions … [or] with respect to the guidance" they previously requested.

Again, Plaintiffs are not to use the Clerk's Office as their legal counsel; it is not the responsibility of that office to provide instructions to litigants. Consequently, this request will be **DENIED without prejudice.** To the extent Abbott and O'Connor believe that they have named additional Defendants in their complaint for which they have not received summonses, they may file a list clearly identifying those Defendants from the complaint for which they still need a summons within **14 days of the date of entry of this order**.

Because Abbott and O'Connor have paid the filing fee, their complaint is not subject to screening under 28 U.S.C. § 1915(e)(2), which governs in forma pauperis proceedings.

Nonetheless, certain aspects of Abbott and O'Connor's "requests" are inappropriate and will not be considered. For example, to the extent Plaintiffs are requesting the Court to institute criminal proceedings, the

4

Court lacks authority to order such relief. Similarly, the Court will not "coordinate" investigatory proceedings with government agencies because it has no authority to do so. This is a civil action.

While Plaintiffs' filings suggest that they have also reported the conduct described in their complaint to various agencies, including the Michigan Attorney General's Office, "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985). This Court plays no role whatsoever in the state agency's decision to act or decline to act.

The Court is cognizant that Abbott and O'Connor are proceeding without the assistance of a lawyer, and submissions of self-represented litigants must be interpreted leniently. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, their status as self-represented litigants does not exempt them from following court rules, instructions, or the Federal Rules of Civil Procedure. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *see also Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (being a self-represented litigant does not give a party "the discretion to choose which of the court's rules and orders it will follow, and which it will willfully disregard"). And under Federal Rules of Civil Procedure 4(c) and 4(m), Abbott and O'Connor are responsible for serving a copy of the summons and their complaint on each Defendant within **90 days of issuance of the summonses**. If they fail to

5

accomplish service within this timeframe without a good reason, the Court will dismiss their claims for want of prosecution. The Court notes that lack of familiarity with court rules and procedures generally is not considered a good excuse for such a failure. *See Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983).

The Court also notes that, under Federal Rule of Civil Procedure 15(a), Abbott and O'Connor may amend their complaint once as a matter of course within 21 days of serving it. This means that they may amend it now or up until 21 days of serving it. Under the requirements of Federal Rule of Civil Procedure 8(a), a complaint should be "a *short* and *plain* statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3) (emphasis added). Complaints "need not identify the applicable law," *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 848 (7th Cir. 2017), but they do need to include "sufficient factual matter, [which if] accepted as true … 'state[s] a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

If Plaintiffs wish to amend their complaint, they should streamline their allegations and more clearly identify the Defendants against which they wish to proceed and the conduct attributable to them. Of course, amending their complaint would not relieve them of

6

their obligation to accomplish service of the amended complaint, along with the summonses, within 90 days of the issuance of the summonses.

### III. CONCLUSION

For the reasons explained above, the "Request for Judicial Guidance" (ECF No. 8) is **DENIED as moot** and the "Request for Additional Summonses" (ECF No. 11) is **DENIED without prejudice.**

Regarding service of process on the defendants, Abbott and O'Connor must accomplish service on the defendants of their complaint and summonses within **90 days** of the date of issuance of the summonses. To the extent they believe they have named additional Defendants for which they have not received summonses, they may file a short list naming those Defendants from their original complaint within **14 days** of the date of this order, or they may file an amended complaint which streamlines their allegations and more clearly identifies the Defendants against which they intend to proceed.

The Court again strongly encourages Abbott and O'Connor to seek the assistance of a lawyer or a legal clinic to protect their rights.

**IT IS SO ORDERED**, this 25th day of July, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

7