UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SUZANNE ABBOTT and THOMAS O'CONNER,**<br><br>Plaintiffs,<br><br>vs.<br><br>**MARY RECHLIN,** *et al.***,**<br><br>Defendants. | 2:23-CV-10962-TGB-DRG<br><br><br>**ORDER DENYING MOTION FOR ALTERNATIVE SERVICE**<br><br>**(ECF NO. 12)** |

Suzanne Abbott and Thomas O'Connor have sued several private and municipal entities, alleging a series of constitutional violations and violations of state and federal law relating to the alleged taking of a property and an apparently related arrest. They now seek permission from the Court to use alternative service methods for purpose of serving Defendant Addison Township with a copy of the summons and complaint in their case. ECF No. 12. The request will be **DENIED**.

### I.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e)(1), an individual defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In Michigan, an individual may be served by:

   (1) Delivering a summons and copy of the complaint to the defendant personally; or

1

> (2) Sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.

Mich. Ct. R. 2.105(A); *see also* Mich. Ct. R. 2.105(G)(4) (identifying appropriate persons to serve in lawsuit brought against township).

If a plaintiff shows that service of process cannot reasonably be accomplished by these methods, the Court may in its discretion permit service of process by "any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1). But alternative service "is not an automatic right." *Krueger v. Williams*, 300 N.W.2d 910, 915 (Mich. 1981). To obtain leave to serve a defendant through alternative means, a plaintiff must show: "(1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is likely to give actual notice." *United States v. Szaflarski*, No. 11-10275, 2011 WL 2669478, at *1 (E.D. Mich. July 7, 2011).

## II. DISCUSSION

Abbott and O'Connor assert that, "[d]espite diligent efforts to serve the summons, the defendant municipality has refused to accept service." ECF No. 12-1, PageID.299. According to their unverified motion, when they approached the township hall to deliver a copy of the complaint and summons, they were ordered to vacate the premises and apparently escorted to a sheriff's desk. *Id*. They briefly reference Federal Civil Procedure Rule 4(d)(1), which governs a defendant's decision to waive

service in exchange for a lengthier time to file a responsive pleading to a complaint. But they do not clearly outline a proposed method of service on Addison Township.

Abbott and O'Connor have failed to show that the township cannot reasonably be served by normal means of process. They say they have made only one service attempt. *See Blalock v. Hunterdon Rentals, LLC*, No. 2:20-cv-12832, 2020 WL 11269897, at *2 (E.D. Mich. Dec. 22, 2020) (Murphy, J.) (denying motion for alternative service when plaintiff made only one attempt at personal service). While that attempt appears to have been ill-fated, Michigan Court Rules permit service via certified or registered mail with a return receipt requested. It is not readily apparent to the Court why such a method would be insufficient.

Moreover, Abbott and O'Connor have failed to identify what alternative method of service they seek leave to use, nor have they explained how such a method would be reasonably calculated to afford Addison Township actual notice of the case against it. To the extent they believe Rule 4(d)(1) authorizes the Court to waive the requirement that they serve the summons and complaint on a defendant, they are mistaken. Only a defendant can choose to waive service of a summons. The Court does not have the authority to compel such a decision.

### III. CONCLUSION

For the reasons explained above, Abbott and O'Connor's request to serve Addison Township is **DENIED.** This denial is without prejudice to

3

renewal if Abbott and O'Connor can demonstrate the continuing futility of attempting to serve Addison Township via normal means of service.

**IT IS SO ORDERED**, this 25th day of July, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

4