UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SUZANNE ABBOTT and THOMAS O'CONNER,**<br><br>Plaintiffs,<br><br>vs.<br><br>**MARY RECHLIN,** *et al.***,**<br><br>Defendants. | **2:23-CV-10962-TGB-DRG**<br><br>**ORDER DENYING ECF NO. 15** |

Plaintiffs have filed a motion, titled "Request to Deny Publicly Provided Legal Counsel." ECF No. 15-1. The substance of the motion asks the Court to enter an order compelling Defendants, only one of which has entered an appearance, to proceed without the assistance of legal counsel. Plaintiffs argue that Defendants should not be granted the privilege of "publicly provided legal services" because Defendants have harmed Plaintiffs, and Plaintiffs pay taxes used to fund those legal services.

This request is frivolous and will be **DENIED**. A party's right to have legal counsel is a fundamental tenet of American jurisprudence. *See, e.g., Powell v. Alabama*, 287 U.S. 45, 53 (1932) ("It is hardly necessary to say that the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice.") To the extent Plaintiffs suggest that Oakland County Sheriff's counsel should be disqualified because of a conflict of interest, the Sixth Circuit has explained that a court may disqualify an attorney only "when there

is a reasonable possibility that some specifically identifiable impropriety has actually occurred." *Moses v. Sterling Commerce (America), Inc.*, 122 F. App'x 177, 184 (6th Cir. 2005) (internal quotations omitted). And here the Court sees none.

**IT IS SO ORDERED**, this 25th day of July, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge