UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE ABBOTT and
THOMAS O'CONNOR,   Civil Action No. 23-10962

         Plaintiffs,   Terrence G. Berg
v.   United States District Judge

MARY RECHLIN, *et al.,*   David R. Grand
   United States Magistrate Judge

         Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART
DEFENDANT LAWRENCE M. SURRATT'S MOTION
TO DISMISS FOR INSUFFICIENCY OF PROCESS (ECF No. 25)**

**Background**

*Pro se* plaintiffs Suzanne Abbott and Thomas O'Connor ("Plaintiffs") commenced this action on April 24, 2023, against a slew of defendants, the full complement of which is not entirely clear. (*See* ECF No. 20, PageID.444 (7/25/203 Order giving Plaintiffs until September 8, 2023, to "file a list clearly identifying those Defendants from the complaint for which they still need a summons . . .")). Plaintiffs' lengthy complaint relates to a dispute about their residential property at 66 Peninsula Dr. in Leonard, Michigan. In short, Plaintiffs allege that they own the property in question, including the road that other property owners on the street use to access their properties. Plaintiffs apparently made the road impassible to the other owners, which ultimately led to the Oakland County Sheriff visiting the site and arresting one of the Plaintiffs, and to the Oakland County Road Commission clearing the road obstruction.

Plaintiffs allege that the defendants "colluded together" to "usurp" their property and cause the allegedly unlawful arrest. As described in an Order issued in this case by the Honorable Terrence G. Berg, Plaintiffs' complaint "contains multiple 'statements of facts,' a list of thirty-three claims, arguments about qualified immunity, legal theories, lists of various state and federal statutes, and lists of citations to and summaries of legal opinions from various jurisdictions," and "was accompanied by 61 pages of exhibits." (ECF No. 20, PageID.441-42). The case has been referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b).

One of the named defendants is Lawrence M. Surratt ("Surratt"). Surratt's name appears only a few times in Plaintiffs' lengthy complaint, with the only substantive allegations against him being the vague ones that he and the other Defendants damaged the Plaintiffs "through their personal and professional action," and by being "awarded the "'privilege lot'" and "Road easement." (ECF No. 1, PageID.5, 33, 77, 79). On August 8, 2023, Surratt filed a "Motion to Dismiss for Insufficiency of Process Pursuant to Fed. R. Civ. P. 12(b)(5)." (ECF No. 25). In his motion, Surratt contends that on July 18, 2023, "Plaintiff Thomas O'Connor himself personally served the Summons and Complaint upon Mr. Surratt's sister, Ms. Marie Surratt, at the Surratt's co-owned cottage at 83 Peninsula Dr.," and that this does not constitute proper service on Surratt because personal service may be accomplished only when the person making service is "not a party" to the case. (*Id.*, PageID.459). The motion is supported by the affidavit of Surratt's sister, who avers that plaintiff "Mr. O'Connor himself personally served the [] Summons [as to Surratt] and Complaint upon me." (*Id.*, PageID.466-67). Plaintiffs did not file a response to Surratt's

2

motion.

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to move to dismiss an action against him for "insufficient service of process." Federal Rule of Civil Procedure 4(m) requires plaintiffs to serve process on all defendants within ninety days after filing a complaint. That means the plaintiff must deliver a summons and copy of the complaint to each defendant using one of the methods prescribed by law. Fed. R. Civ. P. 4(c)(1). The proper delivery method depends on the type of defendant to be served. That is, different delivery methods are authorized for different types of defendants, *e.g.*, corporations, individuals, governments and their agencies. Fed. R. Civ. P. 4(e)-(j). Regardless of the type of defendant, however, a party himself cannot serve the summons and complaint – only a "person who is at least 18 years old ***and not a party*** may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added).

"[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant. [] And in the absence of personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citations omitted).

**Discussion**

In his instant motion to dismiss, defendant Surratt argues that he was not properly served with process because, even if delivery of the summons and complaint to his sister, Marie, would otherwise satisfy the service of process requirements, the service was defective because it was made by O'Connor himself. (ECF No. 25). Surratt is correct.

Because O'Connor is a party plaintiff to this action, his delivery of the summons and complaint to Marie Surratt was improper and did not effectuate *actual and effective service* on Surratt. Fed. R. Civ. P. 4(c)(2). *See Wyatt v. Safeguard Properties LLC*, No. 16-13312, 2018 WL 3547099, at *3 (E.D. Mich. July 24, 2018) ("as parties to this action, Laydell Wyatt and Licia Harper may not serve the summons and complaint on Defendants Bjerk & Bjerk."). Accordingly, Surratt's motion to dismiss should be granted to the extent it requests a judicial determination that he has not been properly served.

However, the Court should not dismiss Plaintiffs' complaint against Surratt with prejudice. Rather, particularly considering the Plaintiffs' *pro se* status, the appropriate course of action is to afford Plaintiffs a reasonable period of time to accomplish proper service on Surratt. *See Project X Enter., Inc. v. Karam*, No. 14-CV-10761, 2014 WL 3385101, at *3 (E.D. Mich. July 10, 2014) ("It is this Court's general practice regarding improper service of process motions to permit a plaintiff to cure a procedural deficiency."). Accordingly, Plaintiffs should be given 30 days to properly serve Surratt.

**Conclusion**

For the reasons stated above, defendant Lawrence M. Surratt's motion to dismiss **(ECF No. 25)** should be **GRANTED IN PART** to the extent it seeks a judicial determination that Surratt has not been properly served with process, but **DENIED** to the extent it seeks an Order dismissing him from the case. Further, Plaintiffs should be given **30 days** to effectuate proper service on defendant Lawrence M. Surratt.

Dated: September 26, 2023          s/ David R. Grand
                                   DAVID R. GRAND
                                   UNITED STATES MAGISTRATE JUDGE

4

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 26, 2023.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager