UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUZANNE ABBOTT and
THOMAS O'CONNOR,

Plaintiffs,

v.

MARY RECHLIN, *et al.,*

Defendants.
_______________________________/

Civil Action No. 23-10962

Terrence G. Berg
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND, AND TO DENY WITHOUT PREJUDICE DFENDANTS' MOTIONS (ECF Nos. 26, 29, 30)**

**Background**

On April 24, 2023, *pro se* plaintiffs Suzanne Abbott and Thomas O'Connor ("Plaintiffs") commenced this action against a slew of defendants, the full complement of which is not entirely clear. (*See* ECF No. 20, PageID.444 (7/25/203 Order giving Plaintiffs until September 8, 2023, to "file a list clearly identifying those Defendants from the complaint for which they still need a summons . . .")). At a minimum, there appear to be at least four groups of defendants for whom counsel have filed appearances on the record on their behalf: (1) Mary Rechlin and William Rechlin ("Rechlins"); (2) the Township of Addison (the "Township"); (3) the Oakland County Sheriff ("Sheriff"); and (4) Lawrence M. Surrat ("Surrat").

Plaintiffs' lengthy complaint is somewhat difficult to follow, but it relates to a dispute about their residential property at 66 Peninsula Dr. in Leonard, Michigan. In short,

Plaintiffs allege that they own the property in question, including the road that other property owners on the street use to access their properties. Plaintiffs apparently made the road impassible to the other owners, which ultimately led to the Oakland County Sheriff visiting the site and arresting one of the Plaintiffs, and to the Oakland County Road Commission clearing the road obstruction.

Plaintiffs allege that the defendants "colluded together" to "usurp" their property and cause the allegedly unlawful arrest. As described in an Order issued in this case by the Honorable Terrence G. Berg, Plaintiffs' complaint "contains multiple 'statements of facts,' a list of thirty-three claims, arguments about qualified immunity, legal theories, lists of various state and federal statutes, and lists of citations to and summaries of legal opinions from various jurisdictions," and "was accompanied by 61 pages of exhibits." (ECF No. 20, PageID.441-42). That Order stated:

> The Court is cognizant that Abbott and O'Connor are proceeding without the assistance of a lawyer, and submissions of self-represented litigants must be interpreted leniently. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, their status as self-represented litigants do not exempt them from following court rules, instructions, or the Federal Rules of Civil Procedure. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *see also Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (being a self-represented litigant does not give a party "the discretion to choose which of the court's rules and orders it will follow, and which it will willfully disregard."). . . . The Court notes that lack of familiarity with court rules and procedures generally is not considered a good excuse for such failure. *See Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983).
>
> The Court also notes that, under Federal Rule of Civil Procedure 15(a), Abbott and O'Connor may amend their complaint once as a matter of course within 21 days of serving it. This means that they may amend it now or up until 21 days of serving it. Under the requirements of Federal Rule of Civil Procedure 8(a), a complaint should be "a *short* and *plain*

> statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3) (emphasis added). Complaints "need not identify the applicable law," *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 848 (7th Cir. 2017), but they do need to include "sufficient factual matter, [which if] accepted as true ... 'state[s] a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
>
> If Plaintiffs wish to amend their complaint, they should streamline their allegations and more clearly identify the Defendants against which they wish to proceed and the conduct attributable to them. . . . The Court again strongly encourages Abbott and O'Connor to seek the assistance of a lawyer or a legal clinic to protect their rights.

(ECF No. 20, PageID.445-47). The case has been referred to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b).

No amended complaint was filed, and presently before the Court are the Rechlin's Motion for More Definite Statement (ECF No. 26), and two motions to dismiss filed by Township (ECF No. 29) and by the Sheriff (ECF No. 30). First, in their motion, the Rechlins argue that Plaintiffs' complaint "violates Fed. R. Civ. P. 10(b) by not including separate numbered paragraphs," "contains what appears to be random annotation of cases," and "generally fails to specify what defendants are subject to the 33 different counts or establish the elements applicable to the particular defendants relative to those counts." (ECF No. 26, PageID.472). The Rechlins assert that because the complaint is so vague and ambiguous, they "cannot reasonably prepare a response . . . both substantively and because of the lack of numbered paragraphs, each limited as far as practicable to a single set of circumstances." (*Id.*, PageID.474) (quotations omitted).[1]

[1] The Rechlins subsequently filed statements that concur in the relief sought by both the Township

Second, in its motion to dismiss, the Township similarly contends that "[t]he allegations in the Complaint are incomprehensible," as it "contains 91 pages" of "bizarre, repetitive, and incomprehensible claims, contentions, and sometimes gibberish," and "does not contain factual assertions supporting legal theories or identify [the] Township's involvement in any act, action or occurrence leading to a claim." (ECF No. 29, PageID.513-18).

Third, in his motion to dismiss, the Sheriff argues that Plaintiff's complaint "names thirty-three (33) potential Defendants in a ninety-one (91) page complaint separated by three thousand four hundred and seventy-two (3,472) individual sentence lines, not coherent numbered paragraphs," which "runs afoul of the most basic Federal pleading requirements in Federal Rules 8(a), 10(a), and 10(b)." (ECF No. 30, PageID.547). The Sheriff further contends that "Plaintiffs use the phrase Plaintiff[s] continuously throughout the Complaint without distinguishing which individual Plaintiff they are referring to, or both," and also "use the term Defendant[s] continuously as well, essentially alleging that thirty-three individuals and government entities did things that would be factually impossible for all to do jointly, or at all." (*Id.*).

**Legal Standards**

Federal Rule of Civil Procedure 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P.

---

and the Sheriff in their motions to dismiss, and request that their own motion be held in abeyance pending a ruling on those pending dispositive motions. (ECF Nos. 31, 32).

8(d)(1). The Sixth Circuit "recognize[s] the continuing viability of the 'short and plain' language" of Rule 8 so as to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Kensu v. Corzion, Inc.*, 5 F.4th 646, 650 (6th Cir. 2021). "What is a short and plain statement of a claim or a simple, clear, and direct allegation will, of course, depend on the totality of the circumstances: more complicated cases will generally require more pleading. What Rule 8 proscribes is *obfuscation* of the plaintiff's claims," as "district court[s] and defendants should not have to fish a gold coin from a bucket of mud to identify the allegations really at issue." *Id.* (emphasis in original and quotation omitted). In other words, "[t]he key is whether the complaint is so verbose, confused, and redundant that its true substance, if any, is well disguised." *Id.* (quotation omitted).

**Analysis**

Here, Plaintiffs' complaint is in clear violation of Fed. R. Civ. P. 8. To start, the complaint lacks clarity even as to basic identification and naming of the defendants being sued in this lawsuit. For instance, the complaint lists in bold letters 10 entities and individuals: (1) Mary Rechlin; (2) William Rechlin; (3) Addison Township; (4) the Oakland County Road Commission; (5) the Water Resources Commission; (6) the Michigan Department of Environment, Great Lakes, and Energy; (7) the Oakland County Sheriff; (8) Anderson, Eckstein & Westrick; (9) Gordie Wilson PE; and (10) Lawrence M. Surrat. (ECF No. 1, PageID.1). However, Plaintiffs identify an additional 23 individuals apparently associated with certain of the named entities above, and state that such "Defendant[s] members listed" under those entities are "sued in their personal, official, and

individual capacities," for a possible total of 33 potential defendants. (*Id.*, PageID.1-2). But the complaint then includes a blank table of unnamed "Defendant[s]" numbered only 1 through 27. (*Id.*, PageID.3-4). At this stage, the Clerk's Office has issued summonses for only the 10 entities named in bold letters due to the complaints' ambiguity, but it remains unclear as to whether Plaintiffs intended to name the other individuals as defendants. (*See* ECF No. 20, PageID.444 (prior court order directing Plaintiffs to "file a list clearly identifying those Defendants from the complaint for which they still need a summons . . .").

More substantively, a broader overview of Plaintiffs' complaint reflects that it alleges 33 claims against possibly 33 defendants, and does so by pleading more than 3,400 individual sentence lines spanning 91 pages accompanied by an additional 61 pages of exhibits. (ECF Nos 1, 1-1). The structure and organization of the complaint are difficult to follow, as it begins with what appears to be a statement of facts (*id.*, PageID.5-7), followed by arguments regarding qualified immunity (*id.*, PageID.7-10), statements of jurisdiction and venue (*id.*, PageID.10-11), an 11-page list of various state and federal statutes as well as citations to and summaries of legal opinions from various jurisdictions (*id.*, PageID.11-22), a statement of questions involved (*id.*, PageID.22-34), another 10-page list of various state and federal statutes, laws, and legal opinions with scattered conclusory allegations, *e.g.*, "[e]ach of the named defendant[s] failed to follow any and all required procedural laws, due process and took only for the good of private ownership and personal gain" (*id.*, PageID.24-33), another statement of facts (*id.*, PageID.33-38), 22 pages raising 33 separate claims for relief against all "Defendant[s]" by stating "[a]ll previous

paragraphs are incorporated herein by reference as though fully set forth" with conclusory recitations of legal elements, *e.g.*, "Defendant[s] [] use of force against Plaintiff[s] was not reasonable under the circumstances, was excessive and does not justify protection under qualified immunity" (*id.*, PageID.38-59), an incomprehensible series of statements under the headings "Plaintiff[s] Rights Against Misconduct," "Plaintiff[s] Filing to Claim with the Government," and "D[e]scriptive Annotations" (*id.*, PageID.59-69), another 13 additional pages of statutes, cases, and definitions along with conclusory statements about "Defendant[s]" (*id.*, PageID.69-82), and a conclusion of 10 pages of what Plaintiffs label as a "Prima Facie Review" of their "Statement of Claims," "Statement of Facts," "Background," "Procedural History," "Standard of Review," followed by their legal and equitable remedies and prayer for relief (*id.*, PageID.82-91).

Simply put, the complaint is excessively long, unnecessarily redundant, full of unspecific and/or irrelevant matter, and in many instances incomprehensible, which makes it exceedingly difficult to discern what factual allegations are being pleaded for which claim against which defendant. Such a pleading clearly runs afoul of the basic requirement to allege "a short and plain statement of the claim showing that the pleader is entitled to relief," as Plaintiffs' allegations are in no way "simple, concise, and direct."[2] Fed. R. Civ.

[2] *See, e.g.*, ECF No. 1, PageID.6 ("From the onset of the Plaintiff[s] required Federal legal responsibility from 2013 to correct the pollution of the bay by the illegal movement of the road center line, federal laws to mitigate the proper placement and repair of the damages by trespassing by the OCRC and Defendant[s] of lots 83 & 103, and reduction of surface runoff. The Michigan Environmental Protection Act (Act 127, Public Acts of 1970) [Public Act No. 451 of 1994 (MCL 324.101 et seq.)], which imposes a duty on government agencies and private individuals and entities to prevent or minimize the pollution, impairment or destruction of the natural resources that is likely to be caused by their activities. In retribution and collusion with the 2 Defendant[s] retired police owners of (lot 103) the Defendant[s] building inspector Doug Lowe, Building

P. 8(a)(2), (d)(1); *see Kensu,* 5 F.4th at 650.

The problem is not necessarily the complaint's length, but the voluminous extraneous material discussed above, *see supra* at 6-7, and Plaintiffs' failure to make clear which conduct and which claims are being asserted against which particular defendants. *See, e.g.*, *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) (noting that dismissal of a "complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading" is an abuse of discretion); *but see Kuehl v. FDIC*, 8 F.3d 905, 908-09 (1st Cir. 1998) (district court did not abuse its discretion in dismissing forty-three page complaint based on its length alone, after the plaintiff had already been ordered to amend the pleading to conform to the requirements of Rule 8). While "[o]rdinarily, excessive detail is mere 'surplusage that can and should be ignored,' [] in some cases, excessive averments regarding extraneous facts 'make a complaint unintelligible, by scattering and concealing a morass of irrelevancies the few allegations that matter.'" *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 415 (D.D.C. 2017) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).

Plaintiffs' complaint in this case contains muddled fragments of factual allegations scattered throughout its 91 pages and incorporates "[a]ll previous paragraphs . . . herein by reference as though fully set forth" in support of each of 33 claims, which makes it impossible for the Court or the opposing parties to properly discern which factual

---

Inspector, Dave Juzyk, Ordinance Enforcement, and all departments listed as Defendant[s], have repeatedly sited and harassed the Plaintiff[s] without legal justification in direct opposition to the all legal precedence & support presented by the Plaintiff[s]. This occurred with every mitigation of the damages to the Plaintiff[s] properties caused by the Defendant[s].").

allegations are asserted in support of which claims against which of the potential 33 defendants, and which are otherwise legally insignificant. These serious flaws are further exacerbated by the complaint's continuous use of the term "Plaintiff[s]" throughout nearly the entire compliant without distinguishing whether they are referring to plaintiff Abbott, plaintiff O'Connor, or both, and particularly its continuous use of the term "Defendant[s]" or "each Defendant[s] named" for essentially all of their allegations, even though it appears clear that not all of these individuals and entities could have been jointly involved in each allegation. The law is clear that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Moreover, section 1983 liability cannot be premised on mere allegations of *respondeat superior*, as "there must be a showing that the party personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the specific allegedly unconstitutional conduct," *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978); *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008), nor mere allegations of a failure to act, *see Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1998) ("At best, [Plaintiff] has merely claimed that the [supervisory officials] were aware of alleged harassment, but did not take appropriate action. This is insufficient to impose liability on supervisory personnel under § 1983."). And, generally speaking, section 1983 liability attaches only to *state actors*, not private persons. *Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 783 (6th Cir. 2007) ("As a general rule, '[s]ection 1983 does not ... prohibit the conduct of private parties acting in their individual capacities.'") (internal citation omitted).

In sum, Plaintiffs' complaint violates Rule 8 because it is "so verbose, confused, and redundant that its true substance, if any, is well disguised" such that it lacks the necessary clarity to provide fair notice of their claims and the grounds upon which they rest. *Kensu*, 5 F.4th at 650-51 (emphasis in original and quotation omitted).

As to the proper remedies for Rule 8 violations, the Sixth Circuit's recently published decision in *Kensu* is instructive:

> . . . [I]f a complaint violates Rule 8, the appropriate remedy is rarely immediate dismissal. Our sister circuits agree. As Judge Easterbrook has written for the Seventh Circuit, "[f]at in a complaint can be ignored, confusion or ambiguity dealt with by means other than dismissal." *Bennett*, 153 F.3d at 518. The Ninth Circuit has suggested that the district court could "relieve a defendant of the burden of responding to a complaint with excessive factual detail" by "simply strik[ing] the surplusage" using Rule 12(f) or excusing the defendant from answering certain allegations. *Hearns*, 530 F.3d at 1132. Or, in line with our cases, the district court could dismiss without prejudice and with leave to amend, as happened here. *Frank B. Killian Co.*, 269 F.2d at 494; *Plymale*, 1991 WL 54882, at *1.
>
> But a district court need not have infinite patience. Persistent or vexatious refusal to follow the rules may warrant dismissal with prejudice. *Kuehl*, 8 F.3d at 908. So if a district court has offered multiple opportunities to fix the complaint and the plaintiff has persisted in noncompliance, then the harsh sanction of dismissal is appropriate. *Plymale*, 1991 WL 54882, at *1; *see also Garst*, 328 F.3d at 378; *Westinghouse*, 90 F.3d at 703. Likewise if the plaintiff's amended complaint indicates a basic inability or unwillingness to comply with the district court's orders. *See Mangan*, 848 F.2d at 910 (affirming dismissal after plaintiff reduced the total number of pages in the complaint primarily by making cosmetic changes such as to font size, spacing, and margins). All the more if the district court warns the plaintiff that a failure to comply will result in dismissal. *See Westinghouse*, 90 F.3d at 704.
>
> The district court's treatment of Mr. Kensu's complaint checked all these boxes. As in *Plymale*, the district court gave him two chances to amend his complaint. The court identified the specific problems to

> correct in the complaint and gave specific examples, as the district court had in *Garst*. Mr. Kensu has demonstrated an inability or unwillingness to comply with the district court's orders. His second amended complaint still retained pages of irrelevant and unspecific allegations. By focusing as he does now on the number of times that he mentioned each defendant's name in the complaint or his inclusion of a table of contents, he demonstrates only that he utterly misses the district court's point—that he has not made clear which claims and allegations this lawsuit was about. And the district court gave him fair warning that his second amended complaint would be his last chance. Although harsh, the sanction of dismissal with prejudice was within the district court's discretion.

*Kensu*, 5 F.4th at 652-53.

Based on the above, the Court finds that the most appropriate course of action here is to (1) deny without prejudice the Rechlins' motion for more definite statement, the Township's motion to dismiss, and the Sherriff's motion to dismiss; (2) dismiss Plaintiffs' complaint and give them 21 days to file an amended complaint that conforms with Federal Rule of Civil Procedure 8; and (3) stay Defendants' obligation to answer or otherwise respond to any such amended complaint until further order of the Court, which will give the Court an opportunity to assess Plaintiffs' compliance with the mandates specified herein before Defendants are forced to act. Such ruling is consistent with Sixth Circuit precedent, which reflects that a plaintiff should be given the opportunity to fix the issues in their pleading before an outright dismissal with prejudice. *See id.* at 653 ("[I]n line with our cases, the district court could dismiss without prejudice and with leave to amend, as happened here."); *United States v. Frank B. Killian Co.*, 269 F.2d 491, 494 (6th Cir. 1959) (reversing district court's dismissal for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6) of an "ambiguous and poorly drawn" complaint and directing the court to

dismiss the "poorly drafted pleading . . . with leave to amend to conform to Rule 8") (quotations omitted).

Thus, the Court should allow Plaintiffs an opportunity to file a pleading that conforms to Rule 8's requirements, is limited to the salient facts supporting each asserted claim, and omits the type of unnecessary legal argument and extraneous matters highlighted above, *see supra* at 6-7, that were scattered throughout Plaintiffs' present complaint, untied to any specific facts or cause of action. Plaintiffs must also clearly specify which defendants are accused of which conduct, and which defendants are being sued for which causes of action. Moreover, Plaintiffs shall not refer to conduct by "Defendants" when fewer than all of them are alleged to be involved in that particular conduct.

**Conclusion**

For the reasons stated above, **IT IS RECOMMENDED** that:

- Plaintiffs' complaint be **DISMISSED WITHOUT PREJUDICE**, that Plaintiffs be given **21 days** to file an amended complaint that conforms to Fed. R. Civ. P. 8's pleading requirements, and that Defendants' obligation to answer or otherwise respond to any such amended complaint be stayed pending further order of the Court.

- Plaintiffs be expressly warned that their failure to timely and adequately file a complaint conforming to Rule 8 and the Court's orders may result in the dismissal of their case with prejudice.

- The Rechlins' motion for a more definite statement **(ECF No. 26)**, the Township's motion to dismiss **(ECF No. 29)**, and the Sherriff's motion to dismiss **(ECF No. 30)** be **DENIED WITHOUT PREJUDICE**.

Dated: November 14, 2023

s/ David R. Grand
DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 14, 2023.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager