UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SUZANNE ABBOTT and THOMAS O'CONNER,**<br><br>Plaintiffs,<br><br>vs.<br><br>**MARY RECHLIN, *et al.*,**<br><br>Defendants. | **2:23-CV-10962-TGB-DRG**<br><br>**ORDER ADOPTING REPORTS & RECOMMENDATIONS (ECF NOS. 35 & 39);**<br><br>**DISMISSING COMPLAINT WITHOUT PREJUDICE; AND**<br><br>**DENYING PLAINTIFFS' MOTION FOR DECLARATORY JUDGMENT (ECF NO. 34)** |

This matter is before the Court on two Reports & Recommendations from Magistrate Judge David R. Grand, the first issued on September 26, 2023 (ECF No. 35) and the second issued on November 14, 2023 (ECF No. 39). These Reports & Recommendations concern several motions submitted by various Defendants in response to a complaint filed by Plaintiffs Suzanne Abbott and Thomas O'Connor, who are proceeding without the benefit of counsel.

The Court has reviewed Judge Grand's Reports and Recommendations, and Plaintiffs responses thereto. For the reasons below, the Reports and Recommendations will be **ACCEPTED AS MODIFIED**. The Court will **GRANT IN PART** Defendant Lawrence Surrat's Motion to Dismiss (ECF No. 25), **DISMISS WITHOUT**

1

**PREJUDICE** Plaintiffs' Complaint (ECF No. 1), and **DENY AS MOOT** Defendants Mary and William Rechlin's Motion for a More Definite Statement (ECF No. 26), Defendant Addison Township's Motion to Dismiss (ECF No. 29), and Defendant Oakland County Sheriff's Motion to Dismiss (ECF No. 30). Additionally, it will **DENY** Plaintiffs' Motion for a Declaratory Judgment (ECF No. 34).

## I. BACKGROUND

### A. Initial Filings

On April 24, 2023, Plaintiffs Suzanne Abbott and Thomas O'Connor, proceeding without the assistance of a lawyer, sued several individuals, private entities, and municipal entities. Their 91-page complaint, accompanied by a 61-page attachment, appears to concern a dispute over a residential property in Leonard, Michigan and an arrest relating to that dispute. As the Court understands it, Abbott and O'Connor believe that the defendants they have named "colluded together" to "usurp" the property and cause the allegedly unlawful arrest.

From a procedural standpoint, this case got off to a rocky start. After paying the filing fee, Abbott and O'Connor submitted a series of miscellaneous requests. *See, e.g.*, ECF No. 4 ("Request for Judicial Guidance"); ECF No. 8 ("Request for Judicial Guidance"); ECF No. 8-1 ("Request to Verify that Corrective Addition of Each Defendant … Has Been Made"); ECF No. 11-1 ("Second Request to Add Each Individual Summons"); ECF No. 12 ("Motion for Alternate Service"); ECF No. 15-1

("Request to Deny Publicly Provided Legal Counsel"). These requests sought advice from the Court on how to proceed with the case, the filing of a criminal case against the Defendants, disqualification of Defendants' counsel, permission to serve certain Defendants with process through alternative methods, and the issuance of additional summonses.

The Court entered orders denying these requests and referring the case to Judge Grand on July 25, 2023. ECF Nos. 20, 21, 22, & 23. In these orders, the Court explained that, as a neutral tribunal, it could not provide legal advice or offer guidance to one party in a case—and it advised Abbott and O'Connor not to file future requests for legal advice. It further explained that it had no power to initiate a criminal case or coordinate an investigation with government agencies into Defendants' affairs. Nor did the Court see any legally valid reason to disqualify Defendants' counsel. With respect to the request for issuance of additional summonses, the Court directed Abbott and O'Connor to file a list of Defendants for which they believed they still needed a summons. Finally, the Court cautioned Abbott and O'Connor that their 91-page complaint was difficult to understand. It encouraged Abbott and O'Connor to file a streamlined complaint and to consult with a lawyer or the District's Pro Se Clinic for assistance.

### B. Defendants' Responsive Motions and Further Filings

After the entry of these orders, Abbott and O'Connor did not amend their complaint. Nor did they submit a filing identifying any Defendants for which they believed they still lacked a summons.

In the meantime, Defendants began filing motions in response to the complaint. Defendant Lawrence Surrat filed a motion seeking dismissal of the claims against him for insufficiency of process. ECF No. 25. Defendants Mary and William Rechlin submitted a motion for a more definite statement, asserting that they could not understand the complaint and therefore could not craft a response to it. ECF No. 26. Defendants Addison Township and Oakland County Sheriff asked to be dismissed from the case on grounds that the complaint failed to state any plausible (or intelligible) claim for relief against them. ECF Nos. 29 & 30.

Abbott and O'Connor responded to some of these motions. Additionally, they submitted a 7-page document to the Court, styled both as a "Cross-Motion for Declaratory Judgment" and a request to "Enforce the Requirement that Defendants Supply Their Own Counsel and, under Rule 53, the Immediate Assignment of a Master to Determine … Criminal Liability." ECF No. 34. In this filing, they complained that Defendants' counsel engaged in improprieties, and they repeated their earlier request for disqualification of Defendants' counsel. They also asked for the assignment of a special master to this case.

On September 26, 2023, Judge Grand issued a Report & Recommendation concerning Defendant Surrat's Motion to Dismiss for Insufficiency of Process. ECF No. 35. On November 14, 2023, a Report & Recommendation concerning the motions submitted by other Defendants followed. ECF No. 39.

## II. LEGAL STANDARD

Either party may file written objections "[w]ithin fourteen days after being served with a copy" of a Magistrate Judge's Report & Recommendation. 28 U.S.C. § 636(b)(1)(C). A party's objections must cite the specific portion of the Report & Recommendation they concern.

This Court must review de novo (as if it were considering the issues for the first time) the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge … [or] receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

## III. REPORT & RECOMMENDATION OF SEPT. 26, 2023

Judge Grand's Report & Recommendation of September 26, 2023 (ECF No. 35) concerns Defendant Lawrence Surratt's Motion to Dismiss for Insufficiency of Process (ECF No. 25). It concludes that O'Connor's decision to serve the complaint himself on Surrat was impermissible under Federal Rule of Civil Procedure 4(c)(2). It recommends granting

5

Surrat's motion in part and allowing Abbott and O'Connor 30 days re-serve the summons and complaint in a manner permitted by Federal Rule of Civil Procedure 4. The Report & Recommendation ends with instructions to the parties explaining how to file objections within the fourteen-day period permitted by statute.

Abbott and O'Connor filed a response to this Report & Recommendation on the same day it was entered. ECF No. 36. The response is difficult to understand. Among other things, it appears to accuse Judge Grand of bias, promises to submit further filings, seeks legal guidance on how to accomplish proper service of process, and again asks for the disqualification of Defendants' counsel and initiation of a criminal case against the Defendants.

Abbott and O'Connor's response does not comply with Judge Grand's instructions regarding the submission of objections. To the extent that they intended to submit this filing as an objection to the Report & Recommendation, it is **OVERRULED**.

As to whether Surrat was properly served, there is no question that service was improper and is therefore invalid. In support of his motion, Surrat submitted an affidavit from Marie, his sister, swearing that O'Connor himself presented her with a complaint on July 16, 2023 at a cottage she co-owns with Surrat. ECF No. 25, PageID.466-67. Abbott and O'Connor do not dispute the substance of Mary's attestations. Under the Federal Rules of Civil Procedure, personal service of a summons and

6

complaint on a defendant may be accomplished by "[a]ny person who is at least 18 years old and *not a party*." Fed. R. Civ. P. 4(c)(2) (emphasis added). Because he is a plaintiff and a party to this case, Thomas O'Connor is disqualified from serving process in person under this rule. His service of the complaint and summons on Defendant Surrat is therefore invalid.

As the Court previously explained to Abbott and O'Connor, they were responsible for accomplishing service of process in accordance with the Federal Rules of Civil Procedure within 90 days of filing their complaint and submitting a proof of service showing that they had done so. The manner in which they served Defendant Surrat is impermissible. And because Defendant Surrat has contested the validity of the service, the Court lacks authority to hear the claims against him. The only way for the Court to be able to hear the claims against Defendant Surrat is for him to be served in a manner permitted by the Rules. *Napier v. Hawthorn Books, Inc.*, 449 F. Supp. 576, 579 (E.D. Mich. 1978).

The Court recognizes that Abbott and Connor are proceeding without the assistance of lawyer. This is unfortunate, because an attorney would know not to make such a mistake regarding proper service and would give the Plaintiffs the best chance of gaining any kind of legal relief. Given their self-represented status, the Court agrees with Judge Grand's recommendation to allow them 30 days to properly serve Defendant Surrat and file a proof of service showing that they have done

so. But it cannot give them guidance on how to do so. Abbott and Connor are **CAUTIONED** to refrain from asking the Court for legal advice. Any such requests will be summarily dismissed. Failure to accomplish service through an acceptable means within **30 DAYS** following the entry of this order without a good excuse will result in dismissal of the claims against Defendant Surrat with prejudice. Lack of familiarity with the requirements of Rule 4 will not be a valid excuse. If Abbott and O'Connor need help understanding Rule 4, the Court encourages them to seek assistance from the Court's Pro Se Clinic, which can be reached at telephone number (313) 234-2690.

## IV. REPORT & RECOMMENDATION OF NOV. 14, 2023

Judge Grand's Report & Recommendation of November 14, 2023 (ECF No. 39) concerns the remaining motions submitted by Defendants in response to the complaint: Defendants Mary and William Rechlin's Motion for a More Definite Statement (ECF No. 26), Defendant Addison Township's Motion to Dismiss (ECF No. 29), and Defendant Oakland County Sheriff's Motion to Dismiss (ECF No. 30). This Report & Recommendation concludes that Abbott and O'Connor's 91-page complaint is excessively long, incomprehensible in many parts, and violates Federal Rule of Civil Procedure 8. It therefore recommends dismissing the complaint, allowing Abbott and O'Connor 21 days to amend it, and dismissing Defendants' pending motions without prejudice to renewal on the filing of an amended complaint.

8

Like the prior Report & Recommendation, the Recommendation of November 14, 2023 advised the parties that they had 14 days to object to it and explained how to do so. No party submitted objections within the 14-day timeframe. But, on December 11, 2023, Abbott and O'Connor submitted a filing, styled as a "Rebuttal to the Report and Recommendation." ECF No. 40.

This 28-page "rebuttal," like the complaint, is poorly organized, difficult to understand, and contains inconsistent numbering and no coherent headings. As the Court understands the filing, it complains that Abbott and O'Connor have attempted to retain an attorney but—despite their best efforts—have been unable to do so. It further complains that the Court has refused to assign a special master to the case or initiate a criminal case against Defendants. It then attempts to parse the requirements of Rule 8, list and describe various entities and individuals (some but not all for whom summonses have been issued), ascribes wrongdoing to those entities and individuals with varying degrees of detail, list several statutes, and provide "annotations" to the complaint. These annotations are comprised of additional facts, definitions, citations to case law, and various legal conclusions.

Abbott and O'Connor's filing again does not comply with Judge Grand's instructions regarding the submission of objections. And they submitted it outside the 14-day window allotted for the filing of

9

objections, so the Court is under no obligation to consider it. Nonetheless, to the extent it is meant to be an objection, it will be **OVERRULED.**

*First*, as litigants in a civil case, Abbott and O'Connor have no right to appointed counsel. *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014). The Court commends them on their efforts to find an attorney. It regrets that these efforts have been unsuccessful to date and encourages them to continue with their search if they choose to proceed with this litigation. Because Abbott and O'Connor have chosen to file this case in federal court, however, they are required to follow the Federal Rules of Civil Procedure; their self-represented status does not exempt them from the Rules. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

*Second*, the appointment of a special master is neither appropriate in this case nor a valid objection to the Report & Recommendation. As Rule 53 explains, the Court "may" appoint a master if doing so is justified by "some exceptional condition." Fed. R. Civ. P. 53(a)(1)(B)(i). Appointment of masters is generally limited to cases in which specialized expert knowledge would assist the court, like patent cases. *Stribling v. Washington*, No. 20-12990, 2022 WL 994654, at *4 (E.D. Mich. Apr. 1, 2022). To the extent Abbott and O'Connor believe a master could assist in conducting a criminal investigation, they are mistaken. As the Court has previously explained, whether a state agency chooses to investigate or initiate a criminal case is up to that particular agency. Neither the Court, nor any master it appoints, has the power to order the filing of a

10

criminal case or to initiate a criminal investigation. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.")

As stated above, the Court has struggled to understand what the complaint is saying and encouraged Abbott and O'Connor to streamline and amend it. It agrees with Judge Grand's conclusion that the current form of the complaint violates Federal Rule of Civil Procedure 8(a).

The purpose behind Rule 8(a) is to give opposing parties fair notice of the basis of the claim against them and to assure the Court that, if the factual allegations are proven true, the plaintiff has a legal right to relief. To this end, a complaint must be comprehensible. Rule 8(a) requires a complaint to "contain … a *short* and *plain* statement of the claim showing that [the plaintiff] is entitled to relief," with allegations that are "*simple, concise*, and *direct*." Fed. R. Civ. P. 8(a)(2), 8(d)(1) (emphasis added). Put another way, Rule 8 requires Abbott and O'Connor to clearly explain:

- *what* each defendant did to them;
- *when* the defendant did it;
- *how* the defendant's actions have harmed them; and
- *what* specific legal right they believe that defendant has violated.

No technical form is required. Fed. R. Civ. P. 8(d)(1). This should be stated in plain English and without jargon or legal-sounding nonsense.

11

The 91-page operative complaint fails to meet these requirements. On a most basic level, the complaint fails to clearly specify which individuals and entities Abbott and O'Connor are suing. Because this is unclear, the Clerk's Office has had substantial difficulty in figuring out which summonses need to be issued. The complaint contains allusions to wrongdoing but does not clearly explain what actions each Defendant took or how they harmed Abbott and O'Connor. Because of the volume of repetitive legal jargon, annotations, quotations to case law, and legal conclusions, it is impossible to for the Court to discern what the factual allegations actually are. Put another way, the complaint is too verbose, confused, and redundant to be understandable. *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021). Such confusing legalese is not necessary; the story of what happened to Abbott and O'Connor should be told in simple and easy-to-understand language.

Because Abbott and O'Connor have paid the filing fee and are not subject to the preliminary screening of complaints required for cases proceeding without prepayment of filing fees, the Court must assure itself that it has the power to dismiss the case for a violation of Rule 8. Federal Rule of Civil Procedure 41(b) authorizes dismissal of a case for failure "to comply with [the Federal Rules of Civil Procedure] or a court order." Accordingly, the Court will **DISMISS WITHOUT PREJUDICE** the complaint under Rule 41(b) for failure to comply with Rule 8(a)'s requirements.

As regards the Defendants' motions for more definite statements and to dismiss (ECF Nos. 26, 29, & 30), they will be **DENIED AS MOOT** in light of the Court's dismissal of the complaint.

A dismissal without prejudice means that the plaintiff has an opportunity to re-file his or her complaint. If Abbott and O'Connor retain an attorney, that attorney will be able to draft an appropriate amended complaint. If they do not, they may rewrite their own amended complaint and file it with the Court, as long as they do so **within 30 DAYS** of the date of this Order. The amended complaint must explain in short and simple sentences what each Defendant did that makes Plaintiffs believe they are entitled to legal relief, and it must give each Defendant fair notice of the wrongdoing of which they are being accused. The amended complaint should contain a complete list of all Defendants Abbott and O'Connor are suing and should be no longer than 20 pages in length.

For each defendant they name, Abbott and O'Connor must set forth in simple, concise, and direct language:

(1) *what* actions that defendant has taken against them;
(2) *when* the defendant took those actions;
(3) *how* the defendant's actions have harmed them; and
(4) *what* specific legal right the defendant's actions have violated.

Citations to case law and legal jargon will do them no good if they do not answer these basic questions. The Court again reminds them that, as private citizens, they generally cannot prosecute violations of criminal

statutes. That authority is reserved to the executive arms of the State of Michigan and the federal government. If Plaintiffs persist in requesting the Court to initiate a criminal investigation or prosecution, such a request will be summarily denied because the Court does not have the power to grant it. And if Abbott and O'Connor fail to comply with the Court's instructions above regarding crafting a proper pleading, the Court will have no choice but to dismiss the case with prejudice.

## V. MOTION FOR DECLARATORY JUDGMENT

While Defendants' motions were pending, Abbott and O'Connor submitted a filing, styled alternately as a "Cross Motion for Declaratory Judgment" and a request "to Enforce the Requirement for Defendants to Supply their Own Counsel" and to assign a master under Federal Rule of Civil Procedure 53 to determine criminal liability. ECF No. 34.

In large part, this filing repeats Abbott and O'Connor's previous request for the disqualification of Defendants' counsel. The Court has already heard and rejected these arguments. And, as explained above, the assignment of a master under Federal Rule of Civil Procedure 53 is not appropriate in this case.

Accordingly, the motion (ECF No. 34) is **DENIED.**

## VI. CONCLUSION

For the reasons above, the Court **ACCEPTS AS MODIFIED** Magistrate Judge David R. Grand's Reports and Recommendations of September 26, 2023 and November 14, 2023 (ECF Nos. 35 & 39).

14

Accordingly, **IT IS HEREBY ORDERED**:

- Defendant's Motion to Dismiss for Insufficiency of Process (ECF No. 25) is **GRANTED IN PART** and **DENIED IN PART**;

- The Complaint is **DISMISSED WITHOUT PREJUDICE**.

- Abbott and O'Connor **SHALL FILE** an amended complaint within **THIRTY (30) DAYS** of entry of this Order that complies with the requirements outlined above.  Failure to comply with this deadline or those requirements will cause the amended complaint to be dismissed with prejudice; and

- Defendant Mary and William Rechlin's Motion for a More Definite Statement (ECF No. 26), Defendant Addison Township's Motion to Dismiss (ECF No. 29), and Defendant Oakland County Sheriff's Motion to Dismiss (ECF No. 30) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED THAT** Abbott and O'Connor's Cross Motion for a Declaratory Judgment (ECF No. 34) is **DENIED.**

**IT IS SO ORDERED**, this 4th day of January, 2024

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge